1  SCOTT J. WITLIN (SBN 137413)
   switlin@btlaw.com
2  STEVE L. HERNANDEZ (SBN 229065)
   shernandez@btlaw.com
3  **BARNES & THORNBURG LLP**
   2049 Century Park East, Suite 3550
4  Los Angeles, California 90067
   Telephone:  310.284.3880
5  Facsimile:  310.284.3894

6  Attorneys for Defendant
   KEHE DISTRIBUTORS, INC.
7
8  KEITH A. FINK (SBN 146841)
   fink@finksteinberg.com
   SARAH E. HERNANDEZ (SBN 206305)
9  shernandez@finksteinberg.com
   **FINK & STEINBERG**
10 11500 Olympic Boulevard, Suite 316
   Los Angeles, California 90064
11 Telephone:  310.268.0780
   Facsimile:  310.268.0790
12
   Attorneys for Plaintiffs
13 PEDRO ALMARAZ, MANUEL PADILLA,
14 RODRIGO ESQUER, MIGUEL CHAIDEZ,
   RAMIRO VILLALOBOS, GABRIEL SALAS,
15 RAMON CHAIDEZ, and RUDOLFO RAMIREZ
16
17            UNITED STATES DISTRICT COURT
             CENTRAL DISTRICT OF CALIFORNIA

18 | PEDRO ALMARAZ, an individual; | Case No. CV 12-3783-MWF(CWx) |
19 | MANUEL PADILLA, an individual; | |
   | RODRIGO ESQUER, an individual; | **[PROPOSED] ORDER RE** |
20 | MIGUEL CHAIDEZ, an individual; | **STIPULATED PROTECTIVE** |
   | RAMIRO VILLALOBOS, an individual; | **ORDER REGARDING** |
21 | GABRIEL SALAS, an individual; | **CONFIDENTIAL** |
   | RAMON CHAIDEZ, an individual; and | **INFORMATION** |
   | RUDOLFO RAMIREZ an individual | |
22 | | *NOTE CHANGES MADE BY COURT* |
23 |        Plaintiffs, | |
   | | |
   |     v. | |
24 | | |
25 | KEHE DISTRIBUTORS, INC., a | Removed from the Superior Court of |
   | Delaware corporation; and DOES 1 to | California, County of Los Angeles, |
26 | 100, inclusive, | Case No. BC481172 |
   | | |
27 |        Defendants. | |
28

---

# ORDER

The Court  having considered the Parties stipulated protective order regarding confidential information, and good cause appearing therefore, IT IS HEREBY ORDERED that the following Protective Order is in full force and effect in the present case:

1.      *Purpose.*  The purpose of this protective order is to ensure that Confidential Information, as defined below, shall be accessible only to Qualified Persons, as defined below, and that it shall be used only in connection with this proceeding.

2.      *Designation as Confidential.*  In connection with any and all discovery proceedings in this action, the Parties may designate any document, written discovery response, thing, material, testimony, or other information derived therefrom, as "Confidential" under the terms of this Stipulated Protective Order (hereinafter, "Protective Order" or "Order").  In order to designate a document as confidential, the party wishing to make such designation shall place upon the document (or on each page of a multi-page document), in a conspicuous place the words "Confidential" (or, synonymously, "Confidential Information") prior to producing a copy of such document to the other party.  In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copies that are produced or exchanged. Originals shall be preserved for inspection to the extent possible.

Any documents labeled "Confidential" shall be deemed confidential and governed by this Protective Order, subject to this Order's provisions regarding limitations on the marking of documents as "Confidential" and regarding termination of confidential status for any given document.

The Parties shall endeavor in good faith to label only those documents that truly merit the designation of "Confidential" because the documents include information that (a) contains private information or (b) constitutes a trade secret, or proprietary or otherwise private or sensitive information that would allow unfair competition against the producing party if viewed by entities or individuals in competition with that party.

3.      "*Qualified Persons*," as used within this Protective Order means:

      A.      any outside attorney who is retained by the receiving party and who is assisting in connection with this proceeding, including any members of such attorney's staff (*e.g.*, paralegals, legal secretaries, and law clerks);

      B.      any expert witness or consultant retained or designated as such by the receiving party;

      C.      any court reporter or technician recording a properly-noticed deposition in this proceeding;

      D.      the author(s) and/or original recipient(s) of such Confidential Information;

      E.      a party, or an officer, director, employee or agent of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this proceeding; and

      F.      anyone else designated by the Court as a Qualified Person.

4.      *Availability of Confidential Information to Qualified Persons.*  Except as otherwise provided by this Protective Order, any information designated "Confidential" shall be made available by the party receiving information so designated only to Qualified Persons.  Unless otherwise permitted by the terms of this Protective Order, Qualified Persons receiving Confidential Information shall maintain it in confidence, shall not reveal Confidential Information to anyone other than Qualified Persons, and shall not use Confidential Information except in connection with the trial or preparation for the trial of this proceeding.

5.      *Availability of Confidential Information to Persons Other Than Qualified Persons.*  Persons other than Qualified Persons may be allowed to review Confidential Information only if, at least seven (7) days prior to such review, the requesting counsel first identifies the person to whom counsel desires to disclose the Confidential Information and obtains the written consent of the attorney for the party that produced such Confidential Information, provided, however, that neither party shall be required to

disclose the identity of any expert not retained as a testifying expert witness.  Should the attorney to whom the request is made decline to give consent, the requesting attorney may file a motion seeking such consent.

6. *Designation of Attorneys' Eyes Only*.  Any party may designate any Confidential Information as "Attorneys' Eyes Only." This additional designation shall narrow the list of Qualified Persons to whom such Confidential Information may be shown.  Specifically, for Confidential Information labeled "Attorneys' Eyes Only," the only Qualified Persons shall be those listed in groups A, B, C, and D under the definition of Qualified Persons in Section 3 above.  An expert shall not attach any document designated under this Section to any report nor reproduce the document in whole or in part within any report.

7. *Retroactive Designation*.  Documents previously produced shall be retroactively designated as "Confidential" and/or "Attorneys' Eyes Only" by written notice of the Bates number(s) of such documents within sixty (60) days of entry of this Order.  Documents unintentionally produced without designation as "Confidential" and/or "Attorneys' Eyes Only" may be retroactively designated as "Confidential" and/or "Attorneys' Eyes Only" within thirty (30) days of their initial production.

8. *Execution of Statement*.  All persons, other than Qualified Persons, to whom Confidential Information is to be given, shown, made available, or communicated, shall execute a statement in the following form:

**STATEMENT**

I acknowledge that I have received a copy of the Protective Order, that I have read such Protective Order and that I understand and agree to abide by the terms of such Protective Order.

I understand further that under the terms of the Protective Order, I must maintain Confidential Information in confidence, may not reveal Confidential Information to anyone other than Qualified Persons, and may not use any such Confidential Information for any purpose (including, but not limited to, any business or competitive purpose), other than in

connection with the trial or preparation for the trial of this action.  If I have received Confidential Information from an attorney involved in this action to review in preparation for trial or deposition, I agree to return this Confidential Information in its entirety and without making any copies of it in any form, to the attorney who provided it to me within five (5) business days of receipt.

I understand that if I violate any term of the Protective Order, I may be subject to sanctions by the Court.

DATED this _____ day of _____, 20__.

It shall be the responsibility of counsel requesting disclosure of Confidential Information to secure, prior to making such disclosure, an executed statement from the person to whom disclosure is to be made.

9.    *Prohibited Uses of Confidential Information.*  Documents designated "Confidential" shall be used only in connection with this proceeding.  Confidential Information shall not be used by the persons to whom it is disclosed for any commercial, business, competitive, media, or governmental purpose or function, unless agreed to in writing by the party or non-party disclosing such Confidential Information.

10.    *Use of Confidential and Attorneys' Eyes Only Information in Pre-Trial Matters or at Trial*.  Nothing in this Protective Order shall preclude any party from examining deponents or trial witnesses in this case, though the Parties agree to cooperate in good faith in ensuring that depositions, transcripts, and exhibits designated "Confidential" and/or "Attorneys' Eyes Only" are not available for dissemination without further Court order.

Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents, or independent experts retained by counsel for the purpose of this proceeding, or (b) the deposition of a third party, may be designated by any party as "Confidential" and/or "Attorneys' Eyes Only" by indicating on the record at the deposition that the testimony is such and is subject to the provisions of this Protective Order.  To the extent possible, the court reporter shall segregate into

separate transcripts information designated as "Confidential" and/or "Attorneys' Eyes Only" with blank, consecutively numbered pages being provided in a non-designated main transcript.  The separate transcript containing "Confidential" and/or "Attorneys' Eyes Only" content shall have page numbers that correspond to the blank pages in the main transcript.

Alternatively, a party may designate any portion of a transcript of oral testimony as "Confidential" and/or "Attorneys' Eyes Only" by stamping the appropriate designation on each page of the transcript containing Confidential Information, and providing it to the other party.  Deposition transcripts shall be held as "Attorneys' Eyes Only" for ten (10) days to permit any such retroactive designation to be made.

If Confidential Information is included in any papers filed with the Court, such papers shall be labeled "Confidential – Subject to Court Order" and the party filing such papers shall concurrently file a motion or application to seal such materials or proceed with the filing as provided **Local Rule 79-5.1** ~~by Rule 2.551(b)(3) of the California Rules of Court~~.

Nothing in this Protective Order is intended to preclude any party from using Confidential and/or Attorneys' Eyes Only Information at or in preparation for trial.  The manner in which Confidential and/or Attorneys' Eyes Only Information may be presented at trial will be addressed by the Court at the Final Status Conference or otherwise in advance of trial.  The manner with which Confidential and/or Attorneys' Eyes Only Information will be presented at any pre-trial hearings or other court proceedings will be addressed by the Court at the beginning of (or otherwise prior to) any such hearings or other proceedings.

11.    *Maintaining the Integrity of Confidential Information*.  All documents containing Confidential Information shall be maintained in the custody of the Parties, or their in-house and/or outside counsel, and no partial or complete copies of said documents shall be retained by anyone else at any location other than the principal offices of such counsel, except that Qualified Persons may retain documents for

purposes of study, analysis, and preparation of the case until the completion of their testimony at the trial, or the termination of their engagement for this case.

12.     *Challenging Confidential or Attorneys' Eyes Only Designation.*  A party shall not be obligated to challenge the propriety of a designation of "Confidential" and/or "Attorneys' Eyes Only" when it first receives the information, and a failure to do so shall not preclude a subsequent challenge to such designation.  In the event any party to this litigation disagrees at any stage of the proceeding with the designation by a party of any information as "Confidential" and/or "Attorneys' Eyes Only," the Parties shall try first to dispose of such dispute in good faith on an informal basis.  If the dispute cannot be resolved informally, the party seeking to change the designation of the information may apply for appropriate relief from the Court **in compliance with Local Rule 37**.  The party challenging the designation of the information shall have the burden of establishing that information is not entitled to confidential treatment or does not warrant a designation of "Confidential" and/or "Attorneys' Eyes Only."  Unless and until the Court enters an order changing the designation, the information shall continue to be treated as Confidential Information and/or Attorneys' Eyes Only Information.

13.     *Term of Protective Order.*  The provisions of this Protective Order shall continue to be binding after the conclusion of this litigation, except that a party may seek the written permission of the designating party or further order of the Court with respect to dissolution or modification of the Protective Order.  Such request for dissolution or modification of the Protective Order may also be made by any party at any time during the pendency of this proceeding.

This Court shall have continuing jurisdiction to enforce the provisions of this Protective Order.  The Parties agree that disclosure or use inconsistent with the terms of this Order of any information designated "Confidential" and/or "Attorneys' Eyes Only" would give rise to irreparable injury to the disclosing party.

14.     *Disposition of Confidential Information.*  Upon final determination of this entire action, whether by judgment, award, settlement or otherwise, and including any

appeal from a final judgment or award, all Confidential Information and all copies thereof, and any summaries or extracts thereof shall be returned to the party producing such Confidential Information.  This provision will not apply to court filings or file copies of pleadings, briefs, documents or correspondence maintained by the Parties' respective counsel in the ordinary course of business, or any other documents that counsel are required by law to maintain.

15.     *Disclosure of Confidential Information Required by Law*.  Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of a party to disclose Confidential Information, if required in order to comply with or avoid violation of any federal, state or local statute, rule, regulation, ordinance or any other law, or as otherwise required by law, or to any insurers which may provide coverage for any of the claims asserted in the trial.  As to disclosure made pursuant to this Section, it shall not be necessary to obtain the "Statement" set forth above in Section 8.  If any party receives a subpoena, order or directive, or knows that any person subject to this Order has received a subpoena, order, or directive calling for the production of Confidential Information under this Order, such party shall immediately notify all other parties and their counsel so that they can make appropriate objections.

16.     *Designating Party*.  Nothing in this Protective Order shall restrict a party's use or sharing of its own documents that it has designated as "Confidential" and/or "Attorneys' Eyes Only."

IT IS SO ORDERED:

Dated: <u>February 28, 2013</u>      By: _____
                                                  CARLA M. WOEHRLE
                                                  United States Magistrate Judge